Kyle O. Stephens, Esq., Bar No. 7928
Michael J. Walsh, Esq., Bar No. 10265
**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Tel: (702) 382-1170
Fax: (702) 382-1169
Attorneys for Michael Luce, Joe R. Munsch, Fairway
 Signature Properties, LLC, Evergreen Alliance Golf Limited, LP
and Stallion Mountain LeaseCo, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FSP STALLION 1, LLC, a Nevada limited liability company; FSP STALLION 2, LLC, a Nevada limited liability company; FSP STALLION 3, LLC, a Nevada limited liability company; FSP STALLION 4, LLC, a Nevada limited liability company; FSP STALLION 5, LLC, a Nevada limited company; FSP STALLION 6, LLC, a Nevada limited liability company; FSP STALLION 7, LLC, a Nevada limited liability company; FSP STALLION 8, LLC, a Nevada limited liability company, FSP STALLION 9, LLC, a Nevada limited liability company; FSP STALLION 10, LLC, a Nevada limited liability company; FSP STALLION 11, LLC, a Nevada limited company; FSP STALLION 12, LLC, a Nevada limited liability company; FSP STALLION 13, LLC, a Nevada limited liability company; FSP STALLION 14, LLC, a Nevada limited liability company; FSP STALLION 15, LLC, a Nevada limited liability company; FSP STALLION 16, LLC, a Nevada Limited liability company; FSP STALLION 17, LLC, a Nevada limited liability company; FSP STALLION 18, LLC, a Nevada limited liability company; FSP STALLION 19, LLC, a Nevada limited liability company; FSP STALLION 20, LLC, a Nevada limited liability company; FSP 21 STALLION, LLC, a Nevada limited liability company; FSP STALLION 22, LLC, a limited liability company; FSP STALLION 23, LLC, a limited liability company; FSP STALLION 24, LLC, a limited liability company, FSP STALLION 25, LLC, a Nevada limited liability company, FSP STALLION 26, LLC, a Nevada limited liability company,<br><br>Plaintiffs, | Case No.: 2:08-cv-01155-PMP-PAL<br><br>**<u>OPPOSITION TO MOTION OF COUNTERDEFENDANTS TIC CAPITAL MARKETS, INC. AND DIRECT CAPITAL SECURITIES, INC. TO DISMISS THE COUNTERCLAIMS OF FAIRWAY SIGNATURE PROPERTIES, LLC AND RELATED PARTIES</u>** |

vs.

MICHAEL E. LUCE, an individual; JOE R. MUNSCH, an individual; WILLIAM T. WALTERS, an individual; FAIRWAY SIGNATURE PROPERTIES, LLC, a Delaware limited liability company; GOLF CLUB OF NEVADA, INC., a Nevada corporation; WALTERS GOLF a division of THE WALTERS GROUP, a business entity, form unknown; LAS VEGAS PREFERRED TEE TIMES, LLC, a Nevada limited liability corporation; EVERGREEN ALLIANCE GOLF LIMITED, L.P., a Delaware limited partnership; STALLION MOUNTAIN LEASCO, LLC, a Delaware limited liability corporation; DOES 1-50, INCLUSIVE; and ROE CORPORATIONS 51-100, inclusive,

Defendants.

AND ALL RELATED CLAIMS

## OPPOSITION TO MOTION OF COUNTERDEFENDANTS TIC CAPITAL MARKETS, INC. AND DIRECT CAPITAL SECURITIES, INC. TO DISMISS THE COUNTERCLAIMS OF FAIRWAY SIGNATURE PROPERTIES, LLC AND RELATED PARTIES

Michael Luce, Joe R. Munsch, Fairway Signature Properties, LLC ("Fairway"), Evergreen Alliance Golf Limited, LP ("EAGL") and Stallion Mountain LeaseCo, LLC ("LeaseCo") (collectively, "Luce Parties") hereby oppose the Motion of Counterdefendants TIC Capital Markets ("TICCM") and Direct Capital Securities, Inc. ("DCS") (collectively, "Moving Parties") to Dismiss the Counterclaims of Fairway Signature Properties, LLC and Related Parties ("Motion"). This Opposition is based upon the following Memorandum of Points and Authorities.

///

///

///

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION/ STATEMENT OF FACTS

The Motion filed by TICCM and DCS requests dismissal of the Luce Parties' claims against them based upon improper venue and failure to state a claim. Both bases are should be rejected and the Motion should be denied. Venue is proper because the United States District Court, District of Nevada has personal jurisdiction over the entities. Likewise, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1391(b). Moreover, the Couterclaims are sufficiently pled to place TICCM and DCS on notice of the claims asserted against them.

The counterclaims asserted by the Luce Parties that the Moving Parties seek to dismiss are the fourteenth through the sixteenth causes of action. Those causes of action are as follows:

1. Breach of Contract – Counterclaimants against DCS and TICCM;
2. Contractual Contribution and Indemnity – Counterclaimants against DCS and TICCM; and
3. Equitable Contribution and Indemnity – Counterclaimants against DCS and TICCM

This case involves the marketing and sale of the Stallion Mountain Golf Course located a 5500 East Flamingo Road, Las Vegas, Nevada ("Property") to tenant-in-common investors. TICCM and DCS were responsible for consultation services and formulated, structured and marketed the sale of Stallion Mountain interests to various investors, which later became the FSP Entities who are the Plaintiffs in this case. Community Bank of Nevada loaned a significant portion of the funds for the purchase. When the Property did not generate sufficient income to cover its liabilities, Community Bank foreclosed on the loan.

TICCM and/or DCS signed an Engagement Agreement with the Walters Group, Fairway and/or other entities. Pursuant to the Engagement Agreement, TICCM was retained as the exclusive investment banker for the project, with exclusive rights to wholesale distribution servicing, provided that some of the services provided would be by TICCM's wholly owned subsidiary, DCS. DCS also signed the Managing Broker-Dealer Agreement ("MBD Agreement") with Fairway, whereby DCS agreed to market and sell the TIC interests in the

Property. The MBD Agreement contains several standard indemnification and contribution provisions in favor of the Luce Parties.

The Moving Parties argue in the Motion that this Court cannot assert jurisdiction because a forum selection clause contained in a contract which is subject of this litigation indicates that "venue for any legal action shall be Los Angeles." The forum selection clause cited by Moving Parties is section 15(c) of the Engagement Agreement[1]. See Exhibit A to Counterdefendants' Request for Judicial Notice in Support of Motion to Dismiss Counterclaims (Docket 312) at 10.

The parties to the MBD Agreement, also referred to as the "TICCM contract" in the Counterclaim, are Fairway and DCS. See Counterclaim at ¶ 201. No forum selection clause is contained in the MBD Agreement. See Exhibit A to Counterdefendants' Request for Judicial Notice in Support of Motion to Dismiss Counterclaims (Docket 312) at 33. Luce, Munsch, EAGL and LeaseCo are third party beneficiaries to the MBD Agreement.

The Federal Rules of Civil Procedure require only a "short and plain statement of the claims showing that the pleader is entitled to relief." FRCP 8(a). Nevada is a notice pleading state. The Counterclaims submitted by the Luce Parties sufficiently place the Moving Parties on notice as to the claims asserted against them. Thus, the Motion should be denied.

## II.   ARGUMENT

### A.   The Motion is improperly based upon documents outside the pleadings.

The Motion should be denied because it is based upon two documents outside the pleadings, namely the Engagement Agreement and the MBD Agreement. "As a general rule 'a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion'" *Lee v. City of Los Angeles*, 250 F. 3d 668, 688 (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). "[W]hen matters outside the pleadings are presented on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one

---

[1] The final signed and executed Engagement Agreement and MBD Agreement have not been located by the parties and final terms of those contracts are unclear at this early stage in the litigation.

for summary judgment..." *Shah v. Wilco Systems, Inc.*, 126 F. Supp. 2d 641. 646, (S.D.N.Y. 2000); *see also Branch*, 14 F.3d at 453. A district court commits reversible error when it considers matters extraneous to the pleading when deciding a motion to dismiss. *Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1301 (9th Cir. 1982).

In *Branch*, the Ninth Circuit held that "documents whose **contents are alleged in a complaint** and whose **authenticity no party questions**, but which are not physically attached to the pleading, may be considered on a Rule 12(b)(6) motion to dismiss." *Branch*, 14 F.3d at 454 (emphasis added) (holding it was proper to consider documents where **neither side questioned the documents' authenticity** and where the documents were **expressly** mentioned in the complaint). In this case, the Moving Parties make several references to the MBD Agreement, but the MBD Agreement has not been authenticated. This is not surprising because the finalized and executed MBD Agreement referred to by the Moving Parties has not been located by any of the parties. Since the finalized MBD Agreement has not been authenticated, the document cannot be considered in a ruling on the Motion.

If a district court on a motion to dismiss intends to consider matters outside the pleadings, the opposing party should be given some notice to afford it the opportunity to furnish the court with relevant material in support of its own position. *Costen v. Pauline's Sportswear, Inc.*, 391 F.2d 81, 85 at n.5 (9th Cir. 1968); *see also Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("It is reversible error for a court to grant a motion to dismiss that has been converted to one for summary judgment, without providing all parties a reasonable opportunity to present material relevant to a Rule 56 motion"). Should this Court elect to consider matters outside the pleadings, then the Luce Parties request appropriate notice consistent with the cases cited *supra*.

**B.   Venue is proper pursuant to 28 U.S.C. § 1391(b).**

Moving parties argue that a forum selection clause taken from a finalized agreement which neither party can locate or produce should essentially preempt the application of 28 U.S.C. § 1391(b). The statute states in relevant part, "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in...

2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." *Id.* See also *Lamont v. Haig*, 590 F.2d 1124, 1134-35 (D.C.Cir.1978) ("the substantiality of the operative events is determined by assessment of their ramifications for efficient conduct of the suit").

In this case, all of the property involved in the litigation is located in Clark County, Nevada. Specifically, this case concerns transactions involving the structuring and sale of interests in the Stallion Mountain golf course. Moreover, this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the Counterclaims against TICCM and DCS arise out of their involvement in the sale of interests in the Stallion Mountain Property. TICCM and DCS provided consultation services by formulating, structuring and marketing the sale of Stallion Mountain interests to various investors, which later became the FSP Entities who are the Plaintiffs in this case. Indeed, on or about July 30, 2009, the Plaintiffs filed a Motion for Leave to Amend Complaint, requesting leave of court to add TICCM and DCS as direct Defendants. (*See* Docket 314) Thus, both Plaintiffs and Counterdefendants allege that the involvement of TICCM and DCS in the Stallion Mountain transactions constitutes sufficient grounds for this Court to assert supplemental jurisdiction and that venue is proper. Federal statutes conferring jurisdiction and venue presumably demonstrate the strong policy preferences of the United States Congress. Those preferences should not be cast aside based solely upon a standard contractual forum selection clause.

**C.   The forum selection clause in the Engagement Agreement is unenforceable**

"A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3); pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009); *citing Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 323 (9th Cir. 1996).

A forum selection clause is unenforceable "if enforcement would contravene a strong public policy of the forum in which the suit is brought, whether declared *by statute* or by judicial decision." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (emphasis added). The language of 28 U.S.C. § 1391(b)(2) clearly delineates the criteria

by which the court should determine proper venue. Jurisdiction is not founded solely on diversity of citizenship grounds because this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367, as the Counterclaims arise out of the same transactions or occurrences as the Complaint. The property forming the basis of the instant suit is located in Clark County, Nevada. The Moving Parties were intimately involved in the series of transactions which led to the claims asserted by Plaintiffs. Specifically, the Moving Parties were responsible for consultation as to the structuring of the Offering, preparing the Offering for sale to investors, recruiting investors and ensuring that the investors complied with Investor Suitability Requirements as set forth in the Private Placement Memorandum ("PPM"). *See* Counterclaims at ¶¶ 118-123, 201-209. Forcing the Luce Parties to assert the Counterclaims against Moving Parties in Los Angeles, CA would needlessly and inefficiently create duplicative litigation in California in an effort to resolve claims arising out of exactly the same events and transactions involving real property located in Clark County, Nevada.

Moreover, none of the parties to this litigation have been able to locate the finalized Engagement Agreement or the MBD Agreement. At this early stage in the litigation, it is impossible to determine precisely what the finalized terms of the two agreements are. Since the MBD Agreement does not appear to contain a forum selection clause, and the Counterclaims address both agreements, even if this Court finds that the forum selection clause contained in the draft Engagement Agreement is enforceable, this Court can nonetheless exercise jurisdiction based upon the MBD Agreement.

The only connection this case has to the state of California is that TICCM and DCS do business there. All of the transactions in this case took place in Clark County, Nevada and the real property which is the subject of this litigation is located in Clark County, Nevada. The only goal dismissing the Counterclaims would accomplish would be to create duplicative litigation in California. Judicial efficiency would be best served by hearing the Counterclaims in Nevada.

Finally, even if this Court finds that the forum selection clause of the Engagement Agreement is enforceable, the clause pertains only to the breach of contract claim arising out of the Engagement Agreement. The Counterclaims are based upon two contracts (the Engagement

Agreement and/or the MBD Agreement) in which the parties to those contracts have not been verified because finalized contracts have not been located. Without the finalized contracts, material terms such as who the parties to the contract are remain unclear. In other words, so much uncertainty pervades the circumstances surrounding the formation and execution of the contracts at issue, dismissal of the breach of contract claim at this early stage in the litigation is inappropriate and discovery must be done to answer so many as yet unanswered questions. The Luce Parties also asserted a cause of action for equitable indemnity and contribution in addition to the contract based claims. The forum selection clause of one of the two contracts at issue has no bearing on the equitable indemnity and contribution claim. Thus, the facts in this case clearly demonstrate that venue is proper and the Motion should be denied.

**D.     The Counterclaims sufficiently allege claims for breach of contract, indemnity and contribution.**

The Moving Parties argue in the Motion that the Luce Parties fail to state a claim pursuant to FRCP 12(b)(6). The Luce Parties allege the following causes of action against the Moving Parties:

1. Breach of Contract – Counterclaimants against DCS and TICCM;
2. Contractual Contribution and Indemnity – Counterclaimants against DCS and TICCM; and
3. Equitable Contribution and Indemnity – Counterclaimants against DCS and TICCM

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *see also Ashcroft*, at 129 S. Ct. at 1949. In ruling on a motion to dismiss, the allegations in the complaint must be construed in the light most favorable to the nonmoving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The Luce Parties sufficiently allege claims for breach of contract, contractual contribution and indemnity and equitable contribution and indemnity, especially in

light of the easily met legal standard of Rule 8. All allegations of material fact must be accepted as true and viewed in the light most favorable to the non-moving party on a motion to dismiss. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996).

A right to indemnity may arise from an express or implied contract or from the equities of a given situation. *Medallion Dev., Inc. v. Converse Consultants*, 930 P. 2d 115, 119 (Nev. 1997); *Maryland Cas. Co. v. Bailey & Sons, Inc.*, 41 Cal. Rptr. 2d 519, 523-24 (Cal Ct. App. 1995). A claim for express contractual indemnity must contain a short statement "sufficient to give fair notice of the claim involved, including an allegation of a contractual relationship between the parties, and the substance of the contract which supports the pleader's right to recover." *Air & Pump Co. v. Almaquer*, 609 S.W.2d 309, 313 (Tex. Ct. App. 1980). Contribution is a form of indemnity, as contribution simply means a sharing of loss while indemnity means a shifting of the entire loss. *Chenery v. Agri-Lines Corp.*, 766 P.2d 751, 755 (Id. 1988); *see also Medallion Dev.*, 930 P.2d at 119. To plead claims for indemnity and contribution, a pleading "must state both factual and legal basis for claimant's entitlement to relief requested." *Askanase v. Fatjo*, 148 F.R.D. 570, 573 (S.D. Tex 1993); *see also Lone Star Ind., Inc. v. Howell Trucking, Inc.*, 199 S.W. 3d 900, 905 (Mo. Ct. App. 2006) (holding that indemnity was pled with sufficient specificity where the petition specifically recited the factual basis for indemnity and explicitly pleaded entitlement to indemnity based upon the indemnity provisions of an agreement); *Dunham Bush, Inc., Thermo Air Serv., Inc.*, 351 So. 2d 351, 352 (Fl. Ct. App. 1997) (stating that a complaint seeking to assert a cause of action for indemnity should set forth factual allegations designating the basis for right to indemnity such as express or implied contract.)

Fairway was a party to both the Engagement Agreement and the MBD Agreement. Luce, Munsch, EAGL and LeaseCo were intended third party beneficiaries of the two contracts because LeaseCo operated the Stallion Mountain Property and EAGL managed the Property. *See* Counterclaim at ¶¶ 100-1. Luce is the President of the Walters Group and Munsch is the President of EAGL and manager of Fairway and LeaseCo. Both individuals are indemnitees of the Engagement Agreement and/or the MBD Agreement. The FSP Stallion Entities terminated LeaseCo's right to possession of the Property and both FSP Stallion Entities and related parties

failed to fulfill outstanding obligations to LeaseCo and EAGL. *Id* at ¶¶ 102-117. The Moving Parties were responsible for recruiting the investors who subsequently became the FSP Stallion Entities. *Id.* at ¶ 201; *see also* Exhibits A and B. The Moving Parties further agreed to ensure that the investors complied with Investor Suitability Requirements as set forth in the PPM. *Id.* When the FSP Stallion Entities filed the Complaint in this action alleging that they were in fact "unsophisticated investors" and "ordinary people, including school teachers, construction workers, nurses and retirees", the Principals of the FSP Stallion Entities essentially admitted that the Moving Parties failed to ensure that the investors complied with Investor Suitability Requirements. *Id.* at ¶ 123. That failure constitutes a breach of contract as alleged in the Counterclaim.

Specific details as to the form of the contract, specific provisions of the contract, or other technical information regarding the formation, execution, content and other circumstances surrounding the contracts at issue are not necessary to plead with any specificity pursuant to FRCP 8(a). FRCP 8(a) requires only, "short and plain statement of the claims showing that the pleader is entitled to relief." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In this case, all of the elements of a breach of contract cause of action are alleged. See Counterclaim at ¶¶ 200-210. In addition to the basic elements of a typical breach of contract claim, specific allegations concerning the nature of the investment contract and the circumstances of the breach were also included in the allegations of the fourteenth cause of action, even though such details were not required under FRCP 8(a). The Luce Parties leveled substantially more allegations than necessary in order to sufficiently place the Moving Parties on notice of the claims against them. The notion that counterclaims should be dismissed because uncertainties exist as to the content of contracts forming the basis of the claims is absurd because that is the very purpose of initiating the discovery process.

The Luce Parties also sufficiently allege claims for Contractual Contribution and Indemnity and Equitable Contribution and Indemnity. All of the necessary elements of those causes of action were asserted in the Counterclaim such that the Moving Parties have been

sufficiently placed on notice as to the claims asserted against them. Contrary to the assertions in the Motion, the Counterclaims do allege sufficient facts which trigger the application of the indemnity provisions, specifically the violation of securities laws and the failure of the TIC investors to meet the Investor Suitability Requirements. See Counterclaim at ¶¶ 207-8.

The case at bar is a complex matter involving multiple parties, claims, counterclaims and third party claims, as well as complex financial instruments. Some of those executed instruments have not been located by the parties. *See* Tab 1 of Counterdefendants TIC Capital Markets, Inc. and Direct Capital Securities, Inc.'s Request for Judicial Notice in Support of Motion to Dismiss Counterclaims, ¶ 14. At this early point in the litigation, so many facts of this case are either unverified or unknown that merely dismissing the claims altogether solely due to that uncertainty defeats the purpose of the discovery process and would preclude the Luce Parties from investigating and evaluating viable claims against the Moving Parties. The Motion reads more like a Motion for Summary Judgment than a Motion to Dismiss based upon its insistence that claims be dismissed merely because the allegations in the Complaint may not be conclusively established during the pleading stage. The Luce Parties carry a significantly lighter burden under FRCP 8(a) than they would under FRCP 56. Thus, the Motion should be denied and discovery should be permitted so that the parties can properly investigate and evaluate their claims.

**E.   This Court should assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367**

Moving Parties assert in passing that this Court should decline to exercise supplemental jurisdiction without offering much analysis in support, except for a brief statement that the parties "agreed to venue elsewhere." *See* Motion at 17:18. The alleged venue selection clause from one of the two agreements which is the subject of the instant litigation does not preclude this Court from exercising supplemental jurisdiction. 28 U.S.C. § 1367 states in relevant part: "(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

None of the four instances identified in the rule apply to this case. This case largely deals with allegations of securities law violations and standard breach of contract related causes of action, including contractual and equitable indemnity and contribution claims. There are no novel or particularly complex issues of State law at play and Moving Parties do not claim otherwise. The Counterclaims do not substantially predominate over the original claims in the Complaint because the factual disputes arise out of the same transactions regarding the Stallion Mountain Property. Third, the District Court has not dismissed any of the claims. Finally, there are no exceptional circumstances or any compelling reasons for declining jurisdiction. Asserting supplemental jurisdiction over counterclaims wherein one of the two operative agreements contains a forum selection clause for another state, in regards to real property in Nevada, is certainly not an issue of first impression. This case involves a contract dispute over transactions occurring in Nevada concerning real property located in Nevada. If the Counterclaims were brought in Los Angeles, the California District Court would have compelling reasons for declining jurisdiction because the real property is located in Nevada and most of the transactions giving rise to the litigation occurred in Nevada. Thus, supplemental jurisdiction is entirely appropriate and the Motion should be denied.

**F.   The Luce Parties request leave to amend the Counterclaims in the event that this Court finds that the allegations in the Counterclaims are insufficient to place the Moving Parties on notice as to the claims asserted against them.**

When a complaint can be amended to state a claim for relief, leave to amend, rather than dismissal, is the preferred remedy. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (Dismissal without leave to amend is inappropriate unless it is clear that the complaint could not be saved by amendment); *see also City of Los Angeles,* 250 F.3d at 692. Such leave to amend should be "freely given" when justice requires. *Eminence Capital*, 316 F.3d at 1052. Therefore, if this Court finds that additional facts are necessary to put the Moving Parties on notice of the Luce Parties' claims, then the Luce Parties request that leave be granted to amend the Counterclaims.

## III. CONCLUSION

For the foregoing reasons, the Moving Parties' Motion to Dismiss should be denied.

DATED this 11th day of August, 2009.
LARSON & STEPHENS

Kyle O. Stephens, Bar No. 7928
Michael J. Walsh, Bar No. 10265
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
*Attorneys for Defendants Michael Luce,*
*Joe Munsch, Fairway Signature Properties, Evergreen Alliance Golf Limited and Stallion Mountain LeaseCo*

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

## CERTIFICATE OF SERVICE

In accordance with Fed. R. Civ. P. 5, I hereby certify that on the 11th day of August, 2009, a copy of the foregoing **OPPOSITION TO MOTION OF COUNTERDEFENDANTS TIC CAPITAL MARKETS, INC. AND DIRECT CAPITAL SECURITIES, INC. TO DISMISS THE COUNTERCLAIMS OF FAIRWAY SIGNATURE PROPERTIES, LLC AND RELATED PARTIES** was served on the parties by CM/ECF/E-Mail and the following parties by U.S. Mail, postage pre-paid and addressed as follows:

William L. Bryson, Esq.
Kummer Kaempfer Bonner Renshaw & Ferrario
3800 Howard Hughes Pkwy., 7th Floor
Las Vegas, NV 89169
Attorneys for Plaintiffs, FSP Stallion 1 LLC through FSP Stallion 26, LLC, inclusive

Christopher F. Wong, Esq.
Adam J. Thurston, Esq.
Ryan S. Fife, Esq.
Eisenberge Raizan Thurston & Wong, LLP
10880 Wilshire Blvd., 11th Floor
Los Angeles, CA 90024
Attorneys for Plaintiffs, FSP Stallion 1 LLC through FSP Stallion 26, LLC, inclusive

Kimberly R. McGhee
Bailey Kennedy
8984 Spanish Ridge Avenue
Las Vegas, NV 89148-1302
Attorneys for Defendants, William T. Walters, Golf Club of Nevada Inc., Walters Golf and Las Preferred Tee Times LLC

Doris E. Nehme-Tomalka, Esq.
Nehme-Tomalka & Associates
2620 Regatta Dr., Suite 102
Las Vegas, NV 89128
Attorneys for Counterdefendants, TIC Capital Markets, Inc. & Direct Capital Securities, Inc.

/ / /

/ / /

/ / /

/ / /

Thomas N Fitzgibbon, Esq.
Pfeiffer Thigpen Fitzgibbon & Ziontz LLP
233 Wilshire Blvd., Suite 220
Santa Monica, CA 90401
Attorneys for Counterdefendants, TIC Capital Markets, Inc. & Direct Capital Securities, Inc.

*An employee of Larson & Stephens*