UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| FSP STALLION 1, et al., | ) | |
| Plaintiffs, | ) | 2:08-CV-01155-PMP-PAL |
| v. | ) | |
| MICHAEL F. LUCE, et al., | ) | ORDER |
| Defendants. | ) | |

Presently before the Court is Defendants Clay Womack, TIC Capital Markets, Inc., and Direct Capital Securities, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. #372), filed on March 21, 2010. Plaintiffs filed an Opposition (Doc. #377) on April 23, 2010. Defendants filed a Reply (Doc. #384) on May 6, 2010. Also before the Court is Defendants' fully briefed Motion to Compel Arbitration (Doc. #371), filed on March 21, 2010. The Court conducted a hearing regarding the foregoing motions on June 24, 2010.

**I. MOTION TO DISMISS (Doc. # 372)**

Plaintiffs are twenty-six separate and independent limited liability companies. (Am. Compl. at 4.) Plaintiffs were investment vehicles which invested in tenant-in-common ("TIC") interests in the Stallion Mountain Country Club ("Stallion Mountain"). (Id. at 7-8.) Plaintiffs allege that in 2005, certain Defendants conspired to fraudulently induce investors to purchase Stallion Mountain at an inflated price through a private placement of TIC interests in the property. (Id.) To effectuate the scheme, Defendants developed a private placement memorandum ("PPM") which offered up to $24.4 million in

1  TIC interests. (Id.) Plaintiffs allege the PPM contained false statements and/or omissions.
2  (Id. at 12-16.)
3  Based on these and other allegations, Plaintiffs brought suit against the sponsors
4  of the TIC offerings, the prior owners of Stallion Mountain, and other entities related to the
5  sale, and the post-sale operation of the golf course. (Compl.) In August 2009, Plaintiffs
6  amended the Complaint to add federal securities and related state law claims against
7  Defendants Direct Capital Securities, TIC Capital Markets, Inc., and Clay Womack
8  ("Broker Defendants"). (Am. Compl.) Plaintiffs allege Broker Defendants participated in
9  drafting the PPM and failed to make material disclosures in relation to the TIC offering,
10 despite their possession of contrary information in the form of an internal operating budget
11 and an outside appraisal. (Id. at 10-11, 13-15, 22-23.)
12 Broker Defendants now move to dismiss, arguing Plaintiffs fail to plead fraud
13 with particularity, fail to allege scienter, and fail to state a claim because of the "bespeaks
14 caution" rule. Plaintiffs contend this Court already rejected similar arguments from other
15 Defendants in a prior Order.
16 This Court previously ruled that Plaintiffs adequately pled fraud with
17 particularity. (Order (Doc. #70) at 5-7.) The Court also rejected the argument that the
18 bespeaks caution doctrine barred Plaintiffs' claims. (Id. at 9-11.) The Court therefore will
19 deny Broker Defendants' motion on these bases.
20 The Court's prior Order also concluded that Plaintiffs adequately alleged scienter
21 as to the original Defendants. (Id. at 8-9.) Broker Defendants contend, however, that they
22 are not similarly situated to the original Defendants, and Plaintiffs have not adequately
23 alleged scienter as to them.
24 Plaintiffs adequately have alleged scienter as to the Broker Defendants. The
25 Court set forth the applicable law in its prior Order. (Id. at 8-9.) Plaintiffs allege Broker
26 Defendants substantially participated in drafting the PPM and were paid a due diligence fee.

A defendant who substantially participates in drafting and preparing a statement may be liable as a primary violator, assuming all elements of a Rule 10b-5 claim are met. See McGann v. Ernst & Young, 102 F.3d 390, 394, 397 (9th Cir. 1996); In re Software Toolworks Inc., 50 F.3d 615, 625 (9th Cir. 1994). As set forth in detail in the Court's prior Order, Plaintiffs have identified specific documents, in the form of the internal operating budget and the third party appraisal, which Plaintiffs allege Broker Defendants had in their possession while preparing the PPM. Additionally, Plaintiffs have identified what specific material within those documents suggested either that the PPM's forward looking statements' veracity were questionable or that Broker Defendants had contrary information based on factors known only to Defendants. Allegations that a defendant possessed "inconsistent contemporaneous statements or information (such as internal reports)" is a means of establishing scienter. In re GlenFed Sec. Litig., 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc). Plaintiffs therefore adequately have alleged scienter as to the Broker Defendants.

Broker Defendants also argue the alleged statements or omissions are not material. Whether an omission is material is "fact-specific" and thus ordinarily is a question for the jury. In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996). The Court cannot say as a matter of law that reasonable investors would conclude the omitted material would not have "altered the total mix of information made available." U.S. v. Reyes, 577 F.3d 1069, 1075 (9th Cir. 2009) (quotation omitted). Plaintiffs have identified alleged misleading omissions in financial data and data regarding the trends associated with the property's business. While the PPM suggests positive trends, Plaintiffs allege Broker Defendants failed to disclose negative trends regarding income growth, net operating income, golf rounds, and membership. Reasonable minds could differ on whether investors in a golf course would find such a difference in trend analysis on such factors material. Consequently, the Court will deny Defendants' motion on this basis.

## II. MOTION TO COMPEL ARBITRATION (Doc. #71)

When making their investments, eighteen of the twenty-six Plaintiffs signed New Account Applications or Update Forms which require them to arbitrate disputes with the Broker Defendants. The Court rejects Plaintiffs' argument that the Broker Defendants have waived their right to invoke the arbitration clause by engaging in discovery. Indeed, the record supports a finding that the Broker Defendants have attempted to reach a stipulation with the eighteen Plaintiffs regarding arbitration, and timely filed the instant motion when they were unable to do so. Additionally, Plaintiffs have not shown how they would be prejudiced by engaging in the arbitration process to which they agreed. The Court will therefore enforce the arbitration clause as to the eighteen specified Plaintiffs with regard to their claims against the Broker Defendants.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Clay Womack, TIC Capital Markets, Inc., and Direct Capital Securities, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. #372) is hereby DENIED.

IT IS FURTHER ORDERED that Defendants Clay Womack, TIC Capital Markets, Inc., and Direct Capital Securities, Inc.'s Motion to Compel Arbitration (Doc. #371) is GRANTED.

DATED: June 25, 2010

_____
PHILIP M. PRO
United States District Judge