```
                UNITED STATES DISTRICT COURT
                     DISTRICT OF NEVADA
                     LAS VEGAS, NEVADA
```

FSP STALLION 1, LLC,          )
et al.,                       )
                              )
    Plaintiff(s),            )
                              )
vs.                           )    2:08-CV-1155-PMP-PAL
                              )
MICHAEL F. LUCE, et al.,      )    MINUTES OF THE COURT
                              )
    Defendant(s).            )    DATED: December 28, 2011

PRESENT:  THE HONORABLE PHILIP M. PRO, UNITED STATES DISTRICT JUDGE

DEPUTY CLERK: Donna Sherwood       RECORDER: Joan Quiros

COUNSEL FOR PLAINTIFF(S): Adam J. Thurston

COUNSEL FOR DEFENDANT(S): Dennis L. Kennedy, Daniel R. McNutt,
                          Thomas N. FitzGibbon, Kelly B. Stout,
                          Sarah A. Harmon, Mark D. Hesiak

PROCEEDINGS: **PRETRIAL CONFERENCE/HEARING ON PENDING MOTIONS**

1:30 p.m. Court convenes.

Mr. FitzGibbon advises the Court his clients have reached a settlement with Plaintiffs, which is contingent on a Good Faith Settlement Motion, which will be filed by Friday.

The Court will hear any objections to that motion on Wednesday, January 4th at 9:00 a.m.

The Court and counsel confer on the following issues: numbering of exhibits, the placing of filing cabinets in the courtroom for exhibits, the use of the evidence display equipment, which parties will be present at counsel tables during the course of the trial, how the Court conducts voir dire, the need for additional peremptories and a jury questionnaire, the Court's trial schedule and ways to streamline the testimony of plaintiffs.

The Court will allow one additional peremptory challenge per side, for a total of four peremptories per side.  Counsel shall submit a joint jury questionnaire for the Court's review by Tuesday, January 3rd.

```
2:08-CV-1155-PMP-PAL
12/28/2011
Page 2
```

Counsel will provide each other with a list of their witnesses for each day.  Both sides will give their opening statements after selection of the jury.  Demonstrative exhibits used during opening statements to be exchanged with opposing counsel by January 3rd.  Authenticity issues will be addressed outside the presence of the jury.

**IT IS ORDERED** by Wednesday, January 4, 2012, counsel shall file the following: a single alphabetized Witness List, a Joint Statement of the case and proposed voir dire questions and proposed jury instructions.

**IT IS FURTHER ORDERED as follows:**
   [543]  Walters Parties' Motion in Limine No. 11 to Exclude Walters' Interview with "60 Minutes" is **GRANTED**.
   [546]  Walters Parties' Motion in Limine No. 12 to Preclude Certain Plaintiffs' Corporate Representatives and/or Principals from Claiming a Language Barrier Caused a Misunderstanding of the PPM is **GRANTED**.
   [520] Walters Parties' Motion in Limine No. 5 to Preclude Plaintiffs from Referencing the Petition to the Nevada Supreme Court Regarding the Stallion Mountain Guaranty is **GRANTED**.
   [540] Walters Parties' Motion in Limine No. 6 to Limit the Testimony of Debora Hayes, Principal of Plaintiff FSP Stallion 25 LLC Relating to the Source of the Entity's Investment Funds is **GRANTED**.
   [516] Walters Parties' Motion in Limine No. 13 to Exclude Testimony Regarding Mr. Walters' Personal Belief as to What Financial Information Should Have Been Disclosed is **DENIED**.
   [525] Walters Parties' Motion in Limine No. 16 to Preclude Plaintiff FSP Stallion 23, LLC From Testifying at Trial and to Strike its Pleadings and Dismiss its Claims *and* [542] Luce Parties' Motion in Limine No. 16 to Strike FSP Stallion 23, LLC's Pleadings and Dismiss its Claim Against the Luce Parties are **DENIED**.
   [518] Walters Parties' Motion in Limine No. 14 to Exclude Evidence of Mr. Walters' Financial Status *and* [539] Motion in Limine to Exclude Evidence of Mr. Luce and Mr. Munsch's Financial Status are **GRANTED** to the extent it will be precluded during the case-in-chief until the jury indicates it will consider awarding punitive damages.

2:08-CV-1155-PMP-PAL
12/28/2011
Page 3

[521] Walters Parties' Motion in Limine No. 15 to Exclude the Testimony of Robert Horning on Behalf of Plaintiff FSP Stallion 10 LLC is **GRANTED** to the extent Horning will be permitted to testify, but cannot testify regarding things in his deposition that he said he didn't know anything about.

[517] Walters Parties' Motion in Limine No. 8 to Preclude Plaintiffs from Presenting Non-Monetary Damages Testimony is **GRANTED**.

[532] Walters Parties' Motion in Limine No. 10 to Preclude Plaintiffs from Claiming an Inability to Obtain a Copy of the Pricewaterhouse Coopers LLC Appraisal for Stallion Mountain is **DENIED**.

[510] Walters Parties' Motion in Limine No. 3 to Preclude Plaintiffs from Offering any Testimony or Other Evidence Relating to Alleged Fraudulent Misrepresentations is **DENIED**.

[511] Walters Parties' Motion in Limine No. 4 to Limit the Scope of Plaintiffs' Fraud Claims to the Allegations in the First Amended Complaint is taken under submission by the Court.

[512] Walters Parties' Motion in Limine No. 7 to Preclude Plaintiffs from Offering Deposition Testimony in Place of Live Testimony at Trial is **withdrawn as moot.**

[513] Walters Parties' Motion in Limine No. 9 to Preclude Plaintiffs from Referencing Prior Indictments is **GRANTED** to the limited extent the Court will not allow examination or argument about the details of the Indictments.

[519] Walters Parties' Motion in Limine No. 1 to Exclude Witness Testimony and Other Evidence Pertaining to Subject Matters for which the Plaintiffs have Asserted the Attorney/Client Privilege is **DENIED without prejudice** to assert objections on a question-by-question basis at trial.

[551] Walters Parties' Motion in Limine No. 2 to Preclude Plaintiffs' Corporate Representatives and/or Principals from Testifying Regarding Topics for Which They Had No Knowledge During Their Depositions is **DENIED without prejudice** to assert objections on a question-by-question basis at trial.

[544] Luce Parties' Motion in Limine to Preclude Plaintiffs from Referencing Unidentified Documents as Stallion Mountain "Budgets" is **DENIED without prejudice** to renew at the time of trial if the budgets are offered.

2:08-CV-1155-PMP-PAL
12/28/2011
**Page 4**

    [554] Plaintiffs' Motion in Limine to Exclude Evidence of "Economic" Recession After July 2008 and Testimony of T. Stine is **DENIED**.
    [553] Plaintiffs' Motion in Limine to Exclude Reference to Plaintiffs' Financial Condition is **DENIED.**
    [555] Plaintiffs' Motion in Limine to Exclude James J. Colbert, Jr. from Offering Expert Testimony is **DENIED without prejudice** to renew prior to the testimony of Mr. Colbert.
    [557] DCS Defendants' Motion in Limine No. 1 to Exclude Evidence of Other Litigation or Proceedings is **GRANTED**.

    The Court will address all remaining motions at the hearing set on Wednesday, January 4, 2012, at 9:00 a.m.

4:35 p.m. Court adjourns.

                                              LANCE S. WILSON, CLERK
                                              By:
                                                   /s/
                                            Donna Sherwood, Deputy Clerk