Thomas N. FitzGibbon (*Admitted Pro Hac Vice*)
**PFEIFFER THIGPEN FITZGIBBON & ZIONTZ LLP**
233 Wilshire Boulevard, Suite 220
Santa Monica, California 90401
Tel: 424.354.3489
Fax: 310.496.3175
E-mail: tnf@ptflaw.com

Doris Nehme-Tomalka
**NEHME-TOMALKA & ASSOCIATES**
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Tel: 702-240-5280
Fax: 702-240-5380
E-mail: doris@nehme-tomalka.com

Attorneys for Defendants
*TIC Capital Markets, Inc.; Direct Capital Securities, Inc.*
*Clay Womack*

# UNITED STATES DISTRICT COURT

# DISTRICT NEVADA

| | |
|---|---|
| FSP STALLION 1, LLC, a Nevada limited liability company, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL F. LUCE, an individual, et al.<br><br>Defendants. | CASE NO.: 2:08-CV-01155-PMP-PAL<br>[Assigned to the Hon. Philip M. Pro]<br><br>**ORDER APPROVING SETTLEMENT AND BARRING CLAIMS FOR EQUITABLE INDEMNITY OR CONTRIBUTION AGAINST DEFENDANTS TIC CAPITAL MARKETS, INC., DIRECT CAPITAL SECURITIES, INC. AND CLAY WOMACK** |

Defendants Clay Womack ("**Womack**"), TIC Capital Markets, Inc. ("**TICCM**") and Direct Capital Securities, Inc. ("**DCS**")(collectively the "**DCS Defendants**" or the "**Settling Defendants**" or the "**Moving Parties**") have moved the Court for an order (a) approving the settlement between Plaintiffs FSP Stallion, LLC entities 1-26 (collectively "**Plaintiffs**") and the DCS Defendants, (b) finding that the settlement is in good faith and (c) barring claims for contribution or indemnity by any person including but not limited to the non-settling Defendants against any of the Moving Parties that relate to or reasonably flow from

this Action (the "**Motion**").  The Court grants the Motion to the extent it bars all claims for contribution and equitable indemnity, based on the following findings of fact:

### FINDINGS

1. Plaintiffs filed a First Amended Complaint that included the Broker Defendants in August 2009. Specifically, the Plaintiffs alleged the following claims or causes of action against the DCS Defendants: (1) Violation of Section 10(b) of the Securities Act of 1934 and the related Rule 10b-5 for securities fraud, (2) Violation of Section 20 of the Securities Act of 1934 for control person liability, (3) Violation of the Nevada Securities Laws, (4) Common Law Fraudulent Misrepresentation, (5) Common Law Fraudulent Concealment, (6) Nevada Common Law Aider And Abettor Liability For Fraud, and (7) Nevada Common Law Conspiracy To Commit Fraud.  The other six (6) claims for relief in the First Amended Complaint were not alleged against the DCS Defendants.

2. The DCS Defendants moved to compel arbitration in March 2010 as to Plaintiffs' claims and the motion was granted as to eighteen (18) of the twenty-six (26) Plaintiffs, namely FSP Stallion limited liability company numbers 1, 2, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 17, 18, 21, 23 and 26 (the "**Arbitrating Plaintiffs**").  The eight non-arbitrating plaintiffs are FSP Stallion limited liability company numbers: 3, 9, 16, 19, 20, 22, 24 and 25 (the "**Non-Arbitrating Plaintiffs**"). The Arbitrating Plaintiffs agreed with the DCS Defendants to stay any arbitral activity pending the conclusion of the Action and they entered into a tolling agreement to accomplish that stay. As a part of their settlement, the Arbitrating Plaintiffs and the DCS Defendants have stipulated that the potential arbitrations are terminated and that all claims by the Arbitrating Plaintiffs are re-asserted through the First Amended Complaint and have been settled through the settlement.

3. Plaintiffs withdrew and dismissed Claim Four for fraudulent misrepresentation in early 2011.

4. In May 2011, the DCS Defendants moved for summary judgment with respect to the First Amended Complaint and in August 2011 the Court granted the Motion in part and entered a summary judgment of dismissal in favor of the DCS Defendants with respect

Pfeiffer Thigpen FitzGibbon & Ziontz LLP
233 Wilshire Blvd., Suite 220
Santa Monica, California 90401

to the two federal securities claims.  The Court denied the summary judgment motion of the DCS Defendants as to the remaining state law claims of Plaintiffs.  Thus, there are currently four (4) state law claims alleged by Plaintiffs pending against the DCS Defendants in the Action: Violation of the Nevada Securities Laws, Common Law Fraudulent Concealment, Nevada Common Law Aider And Abettor Liability For Fraud, and Nevada Common Law Conspiracy To Commit Fraud (the "**Remaining Claims**").

5. In late December 2011, Plaintiffs and the DCS Defendants agreed to a settlement of the Action as between them, which is embodied in a written Settlement Agreement.  The Settlement Agreement is conditional on the Court's approval of the settlement and finding it to be in good faith, as requested in the Motion.

6. All Defendants in this Action other than the DCS Defendants are known as the "**Non-Settling Defendants**."

7. On January 2, 2012, the DCS Defendants made the Motion, which was supported by the Declarations of Thomas N. FitzGibbon and Clay Womack, as well as other documents and evidence previously filed with the Court.  The Non-Settling Defendants filed a Response to the Motion on January 3, 2012, and opposed the Motion to the extent it would bar claims for contractual indemnity.

8. The Court heard the Motion on January 4, 2012, and counsel for all parties to the Action were present and given an opportunity to object to, oppose and/or argue against the Motion and oral argument was conducted.

In light of the foregoing, and because good cause appears;

**IT IS HEREBY ORDERED THAT:**

1. The Motion of the DCS Defendants is granted, and the Court finds the settlement between the Plaintiffs and the DCS Defendants to be in good faith under all potentially applicable standards, whether federal common law, California law or Nevada law.

2. The Court approves the settlement under the Private Securities Litigation Reform Act ("**PSLRA**").  15 U.S.C. § 78u-4 (f)(7).

3.  The Non–Settling Defendants and all other persons, including but not limited to any other person or entity later named as a defendant or third-party in this Action, are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting, or asserting any claim for **equitable indemnity or contribution** against any Settling Defendant or any other claim against such Settling Defendant where the injury to such entity/individual is (a) any person's actual or threatened liability to any Plaintiff in this Action, including but not limited to any amounts paid in settlement of such actual or threatened liability, or any other costs or expenses (including attorneys' fees) incurred in connection with this Action, or (b) reasonably flows from the Action.

4.  Claims for contractual indemnity as between the Settling Defendants and the Non-Settling Defendants are not barred at this time, and the Motion is denied without prejudice in that respect.

5.  The amount of the settlement credit to which the Non-Settling Defendants are entitled as a result of the settlement between Plaintiffs and the Settling Defendants, if any, shall be determined by the Court at a later time, if applicable.

DATED: January 6, 2012.

_____
Hon. Philip M. Pro
Judge of the United States District Court

APPROVED AS TO FORM:

_____
Dennis L. Kennedy
Counsel for the Walters Defendants

_____
Daniel R. McNutt
Counsel for the Luce & Munsch Defendants

Pfeiffer Thigpen FitzGibbon & Ziontz LLP
233 Wilshire Blvd., Suite 220
Santa Monica, California 90401