# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FSP STALLION 1, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:08-cv-01155-PMP-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL LUCE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

      The court conducted a status conference, granting the request of counsel for Plaintiffs (Dkt. #698) on March 12, 2012. Adam Thurston appeared telephonically on behalf of the Plaintiffs, John Bailey, Daniel McNutt, and Sarah Harmon appeared on behalf of the Defendants.

      Counsel for Plaintiffs requested the status conference because Plaintiffs believe that the Defendants have breached the terms of the Settlement Agreement and Mutual Release that the parties executed memorializing their January 11, 2012, settlement. Mr. Thurston advised the court in summary fashion of the reasons Plaintiffs believe defense counsel breached the terms of the parties' agreement, and advised the court that in a related state court action, the presiding judge, the Honorable Mark R. Denton, conducted a series of hearings and took under advisement the amount of the deficiency judgment at issue in the state court claim. Counsel for Plaintiffs expect a decision from Judge Denton on the amount of the deficiency within the next two weeks, and requested that the court establish a briefing schedule for a motion to enforce the settlement which counsel for Plaintiffs intend to file. Counsel for Plaintiffs requested two weeks from Judge Denton's decision on the amount of the deficiency judgment in the state court action in which to file the motion to enforce the settlement reached in this case. However, counsel for Plaintiffs requested, that if a decision is not forthcoming from Judge Denton, that the court allow counsel for Plaintiffs the discretion to file a motion to enforce whether or not a decision is reached by Judge Denton.

Counsel for Defendants, Mr. Bailey, appeared on behalf of his partner, Dennis Kennedy, and made certain representations concerning what occurred in the related state court action. In summary, counsel for Defendants dispute that the Defendants breached any provision of the parties' settlement agreement, and contend that the Defendants have fully performed and are entitled to a dismissal of this action with prejudice. Mr. Bailey indicated the Defendants tendered the full amount of settlement proceeds to counsel for Plaintiffs before Judge Denton, but that Plaintiffs refused to accept the tender. Judge Denton entered an oral order requiring Mr. Kennedy to deposit the cashier's check for settlement proceeds in this case into an interest bearing account. Counsel for Defendants did not oppose the request made by counsel for Plaintiffs to give Plaintiffs two weeks from Judge Denton's decision of the amount of the deficiency judgment in which to file a motion to enforce.

Mr. Thurston indicated that the Plaintiffs dispute Mr. Bailey's representations of what occurred in state court, and would raise these issues in the motion to enforce. The court indicated it would not construe Mr. Thurston's failure to address each of Mr. Bailey's points as an admission or concession.

**IT IS ORDERED** that:

1. Plaintiffs shall have two weeks from Judge Denton's decision on the amount of the deficiency judgment involved in the underlying state case in which to file a motion to enforce the parties' settlement agreement in this case.

2. Defendants shall have 14 days after service of the motion to enforce in which to file a response.

3. Plaintiffs shall have 7 days after service of the response in which to file a reply.

4. Counsel for Plaintiffs may, in their discretion, file the motion to enforce before Judge Denton decides the amount of the deficiency judgment in the underlying state case.

Dated this 13th day of March, 2012.

Peggy A. Leen
United States Magistrate Judge